**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION**

| | |
|---|---|
| PHILLIP GARNETT and MARSHA GARNETT,<br><br>Plaintiffs,<br><br>vs.<br><br>NAU COUNTRY INSURANCE COMPANY<br><br>Defendant. | Court File No.: 5:09-CV-00144-TBR<br><br><br>**DEFENDANT NAU COUNTRY INSURANCE COMPANY'S MEMORANDUM OF LAW OPPOSING PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendant NAU Country Insurance Company [hereinafter "NAU"] hereby submits this Memorandum of Law in Opposition to Plaintiffs' Motion for Judgment on the Pleadings to Resolve Counts I and II.

## FACTS AND RECORD

NAU relies upon the facts as outlined in its Motion to Confirm the Arbitration Award, previously submitted to this court, as well as the exhibits listed therein.

## ARGUMENT

The issue before the Court is whether to confirm or vacate the arbitration award issued by Dr. Schwartzbeck. The facts underlying the loss and the arbitration proceedings before filing with this court are basically agreed to by the parties. Essentially, this court must determine if the parties complied with the arbitration agreement, and whether the arbitrator acted within the course and scope of his authority. If so, the award issued by the arbitrator must be confirmed.

**I. SINCE THE RISK MANAGEMENT AGENCY HAD ALREADY INTERPRETED THE POLICY LANGUAGE IN QUESTION, THERE WAS NO NEED TO SEEK A RE-DETERMINATION; THEREFORE, THE ARBITRATION AWARD NEED NOT BE DECLARED VOID.**

The Federal District Court for the Southern District of Ohio was presented with a similar motion in *Farmers Crop Ins. Alliance v. Laux,* 422 F.Supp.2d 898 (S.D. Ohio 2006). In analyzing the issue, the Court noted that, "The standard for reviewing an arbitration award is 'one of the narrowest standards in all of American Jurisprudence.'" *Id.* at 899; *citing, Tennessee Valley Auth. V. Tennessee Valley Trades and Labor Council,* 184 F.3d 510, 514-15 (6th Cir. 1999). Courts should accord an arbitrator's decision substantial deference because the parties have agreed to have an arbitrator rather than having the court determine all matters within the scope of the arbitration agreement. *Farmers Crop* at 899-900; *citing Paperworkers International Union, AFLCIO v. Misco,* 484 U.S. 29, 37-38, 108 S.Ct. 364, 98 L.Ed. 286 (1987). Courts should uphold an arbitration award if it "draws its essence" from the arbitration agreement. *Farmers Crop* at 900; *citing Sterling China Co. v. Glass Workers Local No. 24,* 357 F.3d 546, 556 (6th Cir. 2004). In this case, the award does indeed "draw its essence" from the policy, and specifically the arbitration agreement, and it should be confirmed.

The Risk Management Agency issued two Final Agency Determinations interpreting the applicable insurance policy provisions prior to the 2008 growing season. FAD-035 and FAD-060 provide that any cause of loss must be due to natural disaster or natural cause to be insurable, and that the burden of proof was on the insured to establish that the, "ignition source of the fire is due to an unavoidable, naturally occurring event[.] When the insured cannot establish the ignition source of the fire is due to an unavoidable, naturally occurring event, any damage resulting from such fire is uninsurable. *FAD-060, pg. 6.* NAU was bound by those interpretations, and followed them as directives. Thus, when the Garnetts presented their claim

to NAU, but could not establish that the ignition source was due to a naturally occurring event, and instead was set by human hands, the claim was denied. The Final Agency Determinations set the framework within which insurers must operate, and crop insurers, like their insureds, are required to follow the interpretations as they process claims. The insurers are required to apply the interpretations given by the RMA to the facts determined in the adjustment process in order to decide whether to allow a claim or to deny it. That is what the arbitrator is required to do as well when deciding the outcome of a dispute – he or she must apply the interpretations given by the RMA to the facts presented in order to determine an outcome. An arbitration award should not be overturned when an arbitrator does exactly what is required of him or her.

The policy indicates that if there is a question of policy interpretation, either the insurer or the insured should request an interpretation from the FCIC. That provision does not apply to this case; however, because the FCIC/RMA had already interpreted the applicable policy provisions. The Final Agency Determinations are binding upon all parties to the arbitration for the 2008 crop year. Since the prior determinations were binding on both parties to this matter there was no additional interpretation needed to resolve this dispute. In this case, the arbitrator did not interpret the policy or any procedures, Dr. Schwartzbeck merely applied the interpretations already issued by the FCIC to the facts of this particular case. Thus, there is no basis to nullify or vacate the award.

If the Garnetts felt an interpretation was needed, they were authorized and obligated to request one. It is disingenuous to claim an interpretation was needed prior to the arbitration when the Garnetts willingly went forward with the arbitration. The Garnetts now incorrectly claim that the fact that they were not represented by counsel at the arbitration places a greater duty upon NAU to follow the policy provisions. The court should not be taken in by that

3

argument however, because counsel was available to the claimants. It would certainly have been reasonable for the Garnetts to retain counsel once they learned that NAU was represented. That is precisely what occurs in many legal matters. They should not be allowed to use their decision to proceed while represented by an insurance agent as an argument in their favor.

Similarly, their decision to not seek an interpretation prior to the arbitration hearing is indicative of the fact that they did not feel an interpretation was needed. The Garnetts should not be granted a second opportunity to arbitrate this matter based upon something they willingly acquiesced to. The court should question whether or not this motion would be brought by the Garnetts if the outcome of the arbitration was different. If the plaintiffs had won without seeking an interpretation, they likely would not be seeking to overturn the award even though it would be just as faulty in their analysis. The fact that they did not seek a determination from the RMA is indicative of the fact that they felt none was needed. The sole reason this matter is before this court at this juncture is because the Garnetts did not receive a favorable decision.

In this case, the arbitrator was presented with evidence from both parties as well as the prior interpretations issued by the RMA. Dr. Schwartzbeck decided the facts, applied the prior interpretations, and issued an award. The arbitration clause is meaningless if an arbitrator cannot apply interpretations issued by the RMA to the facts determined to be true. A reading of the applicable Final Agency Determinations shows that they do not decide the outcome of any contested matter; instead, they provide a framework within which the arbitrator can decide a case. That is precisely what occurred in this case.

The Garnetts take issue with a statement made in NAU's Reply to Claimants' Position Statement indicating that the underlying facts were not disputed and that the dispute was the application of the policy to the facts the arbitrator determined to be true. The arbitrator was not

asked to interpret the policy. The arbitrator was asked to apply an interpretation already provided to the facts, and then determine an outcome. That is precisely what Dr Schwartzbeck did in this case. The RMA provided a framework for the arbitrator to use when it issued FAD-035 and FAD-060, and the arbitrator rendered his decision within that framework.

The arbitrator had the authority to decide any factual issue presented. He could not interpret the policy or procedures; instead, he must apply the policy as written and interpreted by the FCIC to the facts he determined to exist based upon the evidence. Dr. Schwartzbeck did not provide any interpretations of the policy or procedures himself. He simply made a statement of the policy interpretations made by the FCIC to provide a framework for his decision. There is no evidence to support a finding that the arbitrator exceeded the grant of authority given him under the policy; thus, this court should confirm the arbitration award.

## II. THE FEDERAL ARBITRATION ACT REQUIRES THE COURT TO CONFIRM THE ARBITRATION AWARD.

The parties agree that the Federal Arbitration Act [hereinafter, "FAA"] applies to this case. Under the FAA, the arbitrator's award should be confirmed. The FAA provides that a final judgment of the court should be entered upon the arbitration award unless the award is vacated, modified, or corrected as prescribed under the FAA. *9 U.S.C. §9.* Plaintiffs' Complaint does not seek modification or correction of the award under Section 11 of the FAA. It seeks vacation under Section 10 of the FAA only.

Section 10 of the FAA provides the grounds for vacating an arbitration award. An award can be vacated if: 1) it was obtained by corruption, fraud, or undue means; 2) there was evident partiality or corruption by the arbitrator; 3) the arbitrator is guilty of misconduct in refusing to postpone the hearing or in failing to accept pertinent and material evidence, or other prejudicial misbehavior; or 4) if the arbitrator exceeded his power or so imperfectly executed them that a

mutual, final, and definite award was not made. *9 U.S.C. §10(a).* There is no claim made that there was corruption or misconduct, or that the arbitrator failed to postpone the hearing or failed to accept proffered evidence. The sole challenge under the FAA is that the arbitrator exceeded his powers.

Review of an arbitration award is limited and highly deferential due to the FAA's purpose of encouraging alternative dispute resolution. *Schoenduve Corp. v. Lucent Technologies,* 442 F.3d 727, 730 (9th Cir. 2006) (citations omitted). Congress limited the ability of federal courts to review arbitration awards in order to protect the purpose of arbitration and to avoid having the court impute its own judgment and practices onto the proceedings. *Schoenduve.* at 731 (citations omitted). Arbitrators exceed their powers when the award is completely irrational, or exhibits a manifest disregard of the law, not when they merely interpret or apply the governing law incorrectly. *Id. citing, Kyocera Corp v. Prudential-Bache Trade Servs., Inc.,* 341 F.3d 987, 997 (9th Cir. 2003) (en banc). Additionally, the arbitrator's interpretation of the scope of his powers in entitled to the same deference as the determination on the merits. *Id.* at 733 (citations omitted).

The court must give deference to the arbitration award as well as the arbitrator's interpretation of the powers granted. In *Schoenduve*, Lucent Technologies appealed a district court order confirming an arbitration award claiming that the arbitrator exceeded his authority by ruling on an issue not submitted by the parties, modified or expanded the arbitration agreement, and failed to provide an opportunity for Lucent to rebut claims made by Schoenduve. The court of appeals provided the analytical framework outlined above and ultimately determined that the arbitrator did not exceed his authority; thus, the arbitration award was confirmed.

In this case, the court should also confirm the arbitration award. Dr. Schwartzbeck was presented with evidence and arguments by both parties. Neither party objected to the procedures at the time. Only after the award was issued did the Garnetts argue that Dr. Schwartzbeck was being asked to exceed the authority granted to him. There was no argument or objection, claiming that Dr. Schwartzbeck was being asked to exceed the authority granted to him. In any event, Dr Schwartzbeck discharged the duties placed upon him in the insurance contract, and did not exceed the powers granted to him.

The plaintiffs incorrectly claim that the arbitrator exceeded his power by rendering a decision without making a statement of the disputed facts and making specific factual findings. The award did contain a statement describing the issues in dispute, the factual findings, and determinations, however. The policy requires a statement of the issue arbitrated, and the award states:

> The issue in dispute and the amount of damages listed above is the destruction by fire of a dark-fired cured tobacco crop while being fire-cured, and whether the fire was caused by a natural cause, and natural disaster or by negligence, mismanagement, or wrongdoing by you (the producer), any member of your family or household, your tenants or employees.

*Arbitration Award, pg. 1, Exhibit p to Plaintiffs' Complaint.* The award includes a statement of the issues presented and applies the FCIC's earlier interpretations to the facts presented at the hearing. Based upon that evidence, the arbitrator ruled that the FCIC's interpretations dictated that he rule in favor if the insurer.

Additionally, the arbitrator specifically found, "The Garnett's were unable to establish, and no evidence was offered, that the ignition source of the fire was due to an unavoidable, naturally occurring event or a natural disaster and consequently the damage from the fire was uninsurable. *Arbitration Award, pg. 2.* This is a specific factual finding made by the arbitrator

regarding the evidence presented to him. The arbitrator made additional findings about the application of the Final Agency Determinations to the facts of this case as well. Thus, the arbitrator made specific findings, and satisfied the grant of authority contained in the policy.

As the moving party, the Garnetts bear the burden of establishing that the arbitration award must be vacated. They have not met that burden given the narrow scope of review allowed when reviewing arbitrations awards, and the fact that the arbitrator acted within the scope of his authority when deciding this matter. Therefore, the arbitration award should be upheld.

## **CONCLUSION**

For the reasons stated above, NAU Country Insurance Company respectfully requests the court to grant its motion to confirm the arbitration award.

PATTEE & ASSOCIATES, LLC

Date: __September 25, 2009_____   By:   __s/Steven D. Pattee_____
        STEVEN D. PATTEE (MN #0269918)
*Admitted Pro Hac Vice*
Attorney for Defendant NAU Country Ins. Co.
17595 Kenwood Trail
Suite 150
Lakeville, MN 55044
(952) 898-5552


SCHILLER OSBOURN BARNES &
MALONEY, PLLC

By:   __s/Noel R. Halpin_____
        NOEL R. HALPIN
Attorney for Defendant NAU Country Ins. Co.
1600 Riverfront Plaza
401 West Main Street
Louisville, KY 40202
(502) 583-4777