# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION

| | |
|---|---|
| PHILLIP GARNETT and MARSHA GARNETT, <br><br> Plaintiffs, <br><br> vs. <br><br> NAU COUNTRY INSURANCE COMPANY <br><br> Defendant. | Court File No.: 5:09-CV-00144-TBR <br><br><br> **DEFENDANT NAU COUNTRY INSURANCE COMPANY'S REPLY MEMORANDUM FOR JUDGMENT ON THE PLEADINGS** |

Defendant NAU Country Insurance Company [hereinafter "NAU"] hereby submits this Reply Memorandum in support of its Motion for Judgment on the Pleadings to Resolve Counts I and II.

## ARGUMENT

The issue before the Court is whether to confirm or vacate the arbitration award issued by Dr. Schwartzbeck. The Garnetts admit that the standard of review requires this court to give deference to the decision of the arbitrator, yet they contend that the arbitrator exceeded his authority in a way that overcomes their burden of proof. The record shows that the arbitrator did in fact state the issue he was deciding, and did in fact make factual findings. Additionally, the arbitrator applied policy language and interpretations already provided by the RMA to reach his decision. The application of interpretations to specific facts of the case is within the arbitrator's purview; thus, the award issued by the arbitrator should be confirmed.

The parties agree that some deference must be given to the arbitrator's award; although, the amount of deference may be disputed. At worst for NAU, the court should review the question of arbitrability, "with a thumb on the scale in favor of arbitration." *Solvay*

*Pharmaceuticals v. Duramed Pharmaceuticals,* 442 F.3d 471, 478 (6th Cir. 2006). "As a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Ncr corp. v. Korala Associates, Ltd.,* 512 F.3d 807, 813 (6th Cir. 2008) (citation omitted). Regardless of the amount of deference given, it is clear that the court must favor the arbitration award during this review.

The Garnetts seek to overturn the arbitration award on a ground that existed before the hearing; yet, they failed to raise an objection at any point prior to the award. A review of the written submissions from the Garnetts makes clear the fact that they had no objection to the arbitrator hearing, and deciding, this matter with the issues as framed by the parties. The issues in this matter have not changed since the arbitration. The fact that the Garnetts did not raise any objection prior to the arbitration should lead the court to question whether they felt there was any policy dispute at all.

In fact, their submissions suggest they felt there was no policy dispute at issue. The Garnetts repeatedly argue that the policy language was clear the fire was a named cause of loss that the policy insured against. Ultimately the arbitrator also considered the policy interpretations that were already issued by the RMA and reached a different conclusion. Only then did the Garnetts claim there was an issue that required a policy interpretation. The failure to raise the objection prior to the hearing, when the issue was also present, should cause this court to reject the argument at this point.

The Garnetts attempt to excuse their failure to object by claiming their lack of representation by an attorney led to the failure to request an interpretation. Counsel was certainly available to the Garnetts—they are represented here. Moreover, if this argument is allowed to be persuasive, it would be tantamount to encouraging parties to proceed *pro se*, and

then object to the proceedings if they do not prevail. NAU should not be penalized by the Garnetts decision to not retain counsel for the arbitration by having to conduct a second arbitration because the claimants decided to not hire an attorney.

After losing the arbitration, the Garnetts now attempt to define the issues presented to the arbitrator as policy or procedure issues which the arbitrator cannot decide. The Garnetts disregard the fact that they initiated the arbitration process and defined the issues submitted because they now seek to overturn the award and start over. The Court should not overturn the arbitration award, and should instead uphold the strong federal policy of favoring arbitration, especially considering the fact that the Garnetts were willing participants that did not object at any point in the proceedings prior to the award being issued.

Moreover, the Garnetts sought to have the arbitrator decide a factual issue and not an issue of policy interpretation. The Plaintiffs sought a finding that NAU owed indemnity under the crop insurance policy. To reach that conclusion, they asked the arbitrator to find that NAU breached the insurance contract and to find that the loss was caused by a "natural" fire as required by the policy and the final agency determinations. The question of whether or not the fire was of "natural" origin is a factual question that the arbitrator decided in the award.

The arbitrator applied the policy language and the prior procedural interpretations issued by the RMA to the facts presented to him at the arbitration as is required of any arbitrator or judge. The plaintiffs would have the court apply a standard that prevents the arbitrator from doing just that. In this case, the arbitrator took all of the evidence presented to him, applied the policy language and the prior final agency determinations from the RMA, which are binding on both parties, and rendered a decision. An arbitrator must have the authority to apply the policy language and law to the facts. If he or she does not, then every arbitrated case would end up in

court for a final decision. If that were the law, the arbitrator would determine the outcome of factual disputes and the court would render the final decision by applying the policy language to those facts. In such a case, the arbitration clause is useless because it does not remove any cases from the judicial system. The arbitration clause would add a step to the resolution of every case. Such a result is absurd, yet it is the one the plaintiffs' are advocating. The proper result is to understand that the arbitrator must have the authority to apply the policy language, as already interpreted by the RMA, to the facts determined to be true in order to reach a decision. That is what Dr. Schwartzbeck did in this case. The arbitration award should be confirmed.

## **CONCLUSION**

For the reasons stated above, NAU Country Insurance Company respectfully requests the court to grant its motion to confirm the arbitration award.

PATTEE & ASSOCIATES, LLC

Date: __October 2, 2009_____   By: __s/Steven D. Pattee_____
                                                            STEVEN D. PATTEE (MN #0269918)
*Admitted Pro Hac Vice*
Attorney for Defendant NAU Country Ins. Co.
17595 Kenwood Trail
Suite 150
Lakeville, MN 55044
(952) 898-5552

SCHILLER OSBOURN BARNES &
MALONEY, PLLC

By: __s/Noel R. Halpin_____
     NOEL R. HALPIN
Attorney for Defendant NAU Country Ins. Co.
1600 Riverfront Plaza
401 West Main Street
Louisville, KY 40202
(502) 583-4777